UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JUAN GARCIA, ) | CASE NO. 4:10 CV 2249 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CCA MEDICAL DEPARTMENT, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Juan Garcia filed this *Bivens*[1] action against the Corrections Corporation of America ("CCA") Medical Department, Northeast Ohio Correctional Center ("NEOCC") Physician's Assistant Danny Hall[2], and NEOCC Warden Roddy Rushing. In the Complaint, Garcia alleges he has been denied physical therapy. He seeks monetary damages and a transfer to another facility.

**I. Background**

Garcia's Complaint is very brief and contains very few factual allegations. He states he is in a wheel chair. He claims he "needs physical therapy because of a gun shot." (Compl. at 4.) He provides no other information concerning the nature or extent of his injuries. He indicates that a court strongly recommended physical therapy. He contends he sent a communication to the NEOCC medical department asking for physical therapy. He was told he could not get therapy

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971). While Garcia cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Garcia is a federal prisoner in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

[2] Garcia identifies Danny Hall as a Physician. In the Exhibits attached to the Complaint, Hall refers to himself as a physician's assistant.

services at NEOCC. His request to be moved to another prison was also denied. Garcia asserts claims for violation of the Eighth Amendment and the Americans with Disabilities Act.

## II. Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### A. Bivens Claims

As an initial matter, Garcia brings claims against the "CCA Medical Department." CCA, which owns and operates NEOCC, is a private corporation. Private corporations cannot be sued for damages under *Bivens*. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Id.* at 70. A *Bivens* action therefore cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. *Id*. The Supreme

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Court declined to expand *Bivens* to provide this cause of action against a private prison corporation.

In addition, Garcia fails to state a claim against Hall or Rushing under the Eighth Amendment. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Garcia has not alleged the elements of an Eighth Amendment claim. He provides very few facts. He states that a judge recommended physical therapy and refers to a Sentencing Order attached to his Complaint. In that Order, which is not signed, an unidentified United States District Court Judge sentences Garcia to 87 months in prison and recommends in the "strongest possible

3

terms" that Garcia be evaluated at the Federal Medical Center prior to his placement in a prison as close as possible to Nebraska. (Compl. Ex. A) There is no mention of physical therapy. Furthermore, the Complaint contains a very limited description of the nature and extent of Garcia's injury. Aside from Garcia's unilateral claim that the court at his sentencing recommended physical therapy, he does not allege a medical need for the service. There is no suggestion in the Complaint or any of its attachments that physical therapy was recommended by a physician or that it is required to address his symptoms or concerns.

Moreover, there are no allegations in the Complaint suggesting that the Defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. In order to establish a claim for inadequate medical care under the Eighth Amendment, Garcia must demonstrate that the Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

The attachments to the Complaint suggest Garcia used the grievance system to request

4

physical therapy or a prison transfer.  One of those grievances was answered by Hall, who told Garcia to discuss the issue with his doctor at his next appointment. There is no other allegation against Hall.  Garcia suggests he asked Warden Rushing to make inquiries into physical therapy, but the Warden neglected to follow through with the request.  These allegations do not describe a conscious disregard of a substantial risk of harm that amounts to criminal recklessness.  There are simply too few factual allegations to set forth an Eighth Amendment claim.

### B.  Americans with Disabilities Act

In addition, Garcia asserts claims under the Americans With Disabilities Act, 42 U.S.C.A. § 12182 ("ADA").  The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.  To prevail on this claim, Garcia must demonstrate that he was denied a service because of his disability.  Garcia contends that because he is disabled, he is entitled to a physical therapy services that are not available to other NEOCC inmates. This does not state a claim under the ADA.

Garcia also states he "was ask[ed] to remain without anyone to help [him] push [himself] while going to [the] chow hall." (Compl. at 4.)  This statement can also be construed as an attempt to assert an ADA claim.  Garcia submitted an Inmate Request to Staff Member to a Captain at NEOCC on July 16, 2009 asking for assistance in the chow hall.  (Compl. Ex. C)  He was told the medical department would have to approve his request and  thereafter the prison would ensure he received help.  (Compl. Ex. C.)  He was further advised to submit his request during open sick call.

(Compl. Ex. C.) There are no allegations in the Complaint to indicate whether he followed this advice or what response he received. The facts alleged do not establish a violation of the ADA.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* The Complaint must contain more than unexplained assertions devoid of further factual enhancement. *Id.* Garcia does not provide sufficient factual allegations to reasonably set forth a claim for denial of an accommodation or service on the basis of his disability under the ADA.

### III. Conclusion

Accordingly, Garcia's *Bivens* claims are dismissed pursuant to 28 U.S.C. §1915(e). His claims under the ADA are dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Date: February 17, 2011   /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.